Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| THE YACHT CLUB LLC, Y OTROS<br><br>Recurridos<br><br>V.<br><br>MULTINATIONAL INSURANCE COMPANY<br><br>Peticionaria | KLCE202400624 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV01459<br><br>Sobre:<br><br>Incumplimiento de Contrato de Seguros y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos Multinational Insurance Company (MIC o peticionaria) solicitando que revoquemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario) el 9 de abril de 2024.[1] La referida *Orden* determinó No Ha Lugar "en esta etapa de los procedimientos" la solicitud de *Sentencia Declaratoria* instada por la parte peticionaria. Adicional, solicitan que dejemos sin efecto la *Orden*[2] emitida por el TPI el 6 de mayo de 2024 notificada y archivada el mismo día, en que dictó No Ha Lugar a la *Moción de Reconsideración* presentada por MIC.[3] Por último, solicitan que ordenemos al TPI a permitir la *Reconvención*.

Por las razones que expondremos a continuación, denegamos la expedición del auto solicitado.

---

[1] Apéndice del Certiorari, Anejo 1, pág. 1.
[2] *Íd.*, Anejo 3, pág. 12.
[3] *Íd.*, Anejo 2, págs. 2-11.

**I.**

El caso de marras tiene su inicio con la presentación de *Demanda* por parte de The Yacht Club LLC y otros (TYC o recurridos) el 5 de octubre de 2023.[4] Conforme a las alegaciones de la misma, TYC y MIC suscribieron un contrato para obtener dos (2) pólizas de seguro para asegurar las propiedades TYC y Solarea Resort (Solarea). Así las cosas, el 20 de septiembre de 2017, día del paso del huracán María por Puerto Rico, los mencionados complejos -que se alega sufrieron daños severos- estaban asegurados al haber completado el pago de las pólizas de seguro. Los recurridos alegaron que reclamaron los daños sufridos a MIC, en cumplimiento con los requisitos exigidos por el peticionario para poder incoar una reclamación. Estos alegaron que MIC abrió la reclamación bajo el nombre de Encanto Group, quien es otro asegurado, y no a nombre de TYC. TYC alegó que el costo de los daños asciende a cinco millones novecientos doce mil dólares ($5,912.000.00). Esta cantidad fue notificada a MIC junto a los documentos relacionados a la evidencia de los daños y gastos incurridos. TYC incurrió en gastos de mitigación, gastos de emergencia y en reparaciones temporeras para la habilitación de los mencionados complejos. Ante la alegada demora por parte de MIC, hubo un aumento de dos millones novecientos cincuenta y seis mil dólares ($2,956,000.00) con relación a los gastos de reparación. Por otra parte, Solarea reclamó la cantidad de siete millones trescientos veinte mil dólares ($7,320,000.00) a MIC. El 24 de agosto de 2021, TYC y MIC suscribieron un acuerdo titulado "Tolling Agreement". En el mismo, TYC acordó no iniciar una acción legal contra MIC por un período de dos (2) años. Además, los términos prescriptivos quedarían interrumpidos para otorgarle oportunidad al peticionario a cumplir

---

[4] *Íd.*, Anejo 4, págs. 13-26.

con el pago de las cantidades reclamadas. Sostienen los recurridos que luego de la firma del referido acuerdo MIC no realizó actos significativos encaminados para solucionar las reclamaciones y se negó a realizar el desembolso del dinero reclamado. Ante el incumplimiento y falta de inacción por parte de MIC, los recurridos dieron por terminado el acuerdo.

Por su parte, el 9 de febrero de 2024 MIC presentó su *Contestación a la Demanda y Reconvención*.[5] En síntesis, el peticionario alegó que existe controversia sobre la interpretación de las cláusulas del contrato de seguro. Adujo que la sentencia declaratoria era el mecanismo conveniente para ponerle fin a este caso debido a:

> "(1) si la demandante-reconvenida incumplió sus obligaciones bajo el contrato de seguros, en cuyo caso no tiene derecho a entablar la causa de acción hasta que cumpla con sus obligaciones; (2) si la demandante-reconvenida incurrió en falsa representación y fraude al no presentar al asegurador todas las facturas de las reparaciones y/o remplazos llevados a cabo tras el paso del huracán Maria, y a su vez presentar estimados sobredimensionados, en cuyo caso la póliza seria nula desde el inicio; (3) si la demandante-reconvenida renunció a su derecho de que la pérdida se valorice en base a costo de reemplazo al no cumplir con las condiciones bajo dicha cubierta opcional; y, (4) si el hecho de que se creara una reclamación bajo el nombre de un asegurador nombrado que no notificó reclamación le instituye a éste legitimación activa sin tener interés asegurable ni perdida financiera. Estas controversias son reales y justiciables, y los derechos de MIC deben ser determinados antes de dilucidar, si es que así se debe hacer, la demanda subyacente".[6]

MIC alegó que el TPI debía determinar que toda vez que los aquí recurridos, incumplieron con sus obligaciones dentro de los contratos de seguros, incurrieron en fraude mediante la presentación de la reclamación, por lo que el contrato de seguros emitido por estos en favor de TYC era nulo ab initio y que estos no tenían derecho a recibir pago alguno. Con motivo a ello, los

---

[5] *Íd.*, Anejo 6, págs. 31-57.
[6] *Íd.*, Anejo 6, pág. 47.

recurridos debían devolver la cantidad de dos millones seiscientos veinte y cinco mil dólares ($2,625,000.00) el cual había sido un pago adelantado por parte de MIC. Por último, alegan que la compañía Encanto Group LLC, carece de legitimación activa. El 21 de febrero de 2024, los recurridos presentaron la *Contestación a la Reconvención y Solicitud de Sentencia Declaratoria*, en la que solicitaron al TPI que declarase No Ha Lugar a la *Reconvención* e imponerle a MIC Honorarios por Temeridad, costas y gastos de litigio y emitir cualquier otro pronunciamiento en Derecho que proceda.[7]

El 9 de abril de 2024 el TPI emitió una *Orden* en que declaró No Ha Lugar <u>en esta etapa de los procedimientos la solicitud de *Sentencia Declaratoria*.</u>[8] En vista de ello, MIC presentó el 24 de abril de 2024 su *Moción de Reconsideración* en la que solicitó que se reconsidere la *Orden* del 9 de abril de 2024 y se restituya la *Reconvención*.[9] Por su parte, TYC presentó la *Oposición a la Moción de Reconsideración* en la que solicitó que se declare No Ha Lugar la *Moción de Reconsideración*.[10] El 6 de mayo de 2024, el TPI emitió una *Orden* en que denegó la *Moción de Reconsideración*.[11]

Ante su inconformidad con el dictamen del foro primario, la peticionaria presentó su recurso petición de *Certiorari* el 5 de junio de 2024 ante nos e imputó al foro primario el siguiente error:

> Incidió el Tribunal de Primera Instancia al desestimar la reconvención instada por Multinational Insurance Company.

En síntesis, alegó que el TPI les coartó su derecho de formular reclamaciones en contra de los recurridos, específicamente dentro de los derechos emergentes de la relación contractual entre los recurridos y MIC. La peticionaria alegó que el rechazo de la

---

[7] *Íd.*, Anejo 7, págs. 58-73.
[8] *Íd.*, Anejo 1, pág. 1.
[9] *Íd.*, Anejo 2, págs. 2-11.
[10] *Íd.*, Anejo 9, págs..75-77.
[11] *Íd.*, Anejo 3, pág. 12.

*Reconvención* le coartó su derecho de establecer los derechos y obligaciones de las reclamaciones entre las partes.

El 6 de junio de 2024, emitimos una *Resolución*, en que le concedimos a los recurridos presentar su oposición dentro del término de diez (10) días.

El 20 de junio de 2024, TYC presentó su *Alegato en Oposición a Certiorari*. En síntesis, estos alegan que el Tribunal de Apelaciones carece de jurisdicción para intervenir debido a la deferencia que se le debe otorgar al TPI a menos que se pruebe que hubo craso abuso de discreción. En adición, sostuvo que el alegado error no existe porque solamente se denegó la *Sentencia Declaratoria* más no se denegó la *Reconvención*.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el derecho aplicable.

**II.**

**A.**

La Regla 52.1 de Procedimiento Civil de 2009, según enmendada, Ap. V, R. 52.1, establece las instancias en las que un foro revisor posee autoridad para expedir el auto de *Certiorari* sobre materia civil.[12] *Scotiabank de Puerto Rico* v. *ZAF Corporation, et als.,* 202 DPR 478 (2019).

---

[12] Esta Regla dispone:

> [....]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de

El auto de *Certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía poder revisar determinaciones de un tribunal inferior. *Medina Nazario* v. *McNeill Healthcare LLC*, 194 DPR 723, 728 (2016). En esencia, es un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por un foro inferior. Distinto al recurso de apelación, el tribunal que tiene ante sí el auto de *Certiorari*, tiene la facultad para expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. La mencionada regla, establece rigurosamente y a modo de excepción, las instancias en que se puede intervenir y expedir el mencionado recurso. *McNeill Healthcare LLC* v. *Municipio De Las Piedras*, 206 DPR 391, 404 (2021). No obstante, la discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. *Torres Martínez* v. *Torres Ghigliotty*, 175 DPR 83, 98 (2008). El Tribunal Supremo ha expresado que, al atender un auto de *Certiorari* se descansa en la premisa de que el foro primario es quien está en mejor posición de resolver controversias interlocutorias. Parte del análisis comprendido al momento de decidir si se debe expedir el *Certiorari* es no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en el TPI. En adición, "el hecho de que un asunto esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario* v. *McNeill Healthcare LLC, supra.*

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos considerar en el ejercicio de la facultad discrecional al momento de atender una petición de *Certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

## B.

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite que un demandado solicite la desestimación cuando entienda que alguna de las defensas afirmativas prosperará. *Conde Cruz* v. *Resto Rodriguez*, 205 DPR 1043, 1065 (2020). La solicitud deberá hacerse mediante una moción y bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Consejo de Titulares* v. *Gómez Estremera*, 184 DPR 407, 423 (2012). De otra parte, la moción de desestimación que no procede si se desprende que el demandante no tiene derecho al remedio cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *supra*, pág. 423.

## III.

Tras un análisis del expediente procede denegar la expedición del auto de *Certiorari* solicitado. Veamos.

La peticionaria señala como único error que el TPI erró en desestimar la *Reconvención*. Sin embargo, un examen de la determinación recurrida refleja que en la misma el foro primario únicamente denegó, de momento, la solicitud de *Sentencia Declaratoria* y no hizo mención alguna de la *Reconvención*. Es decir, al presente el TPI no ha adjudicado definitivamente la solicitud de Sentencia Declaratoria, y mucho menos ha denegado la Reconvención, por lo que la misma aún está ante la consideración del foro primario y deberá ser adjudicada en su momento.

Toda vez que no apreciamos error en el curso decisorio del TPI, y debido a que no consideramos necesario intervenir en el manejo del caso por parte de Sala recurrida, aspecto sobre cual dicho foro tiene gran discreción, denegamos expedir el auto solicitado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *Certiorari* en el presente asunto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones